IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeffery D. Locke, #158388, | ) | C/A No.: 1:15-3727-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Nurse Eastergard; Nurse Johnson; Dr. Sherman; Sonya Moss, Medical Staff; Tracy Krien, Medical Staff; Mr. James Dorreity, Jail Administrators; Scotty Bodiford, Jail Administrators; and Steve Loftis, Sheriff, | ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| | ) | |

Jeffery D. Locke ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at the Kershaw Correctional Institution. He filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights while he was incarcerated at Greenville County Detention Center ("GCDC"). He sues nurses Eastergard and Johnson ("Johnson"), medical staff members Sonya Moss ("Moss") and Tracy Krien, GCDC administrators James Dorreity and Scotty Bodiford, Dr. Sherman, and Sheriff Steve Loftis (collectively "Defendants").

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff filed this complaint alleging Defendants caused him to contract MRSA when he was housed at GCDC in 2006. [ECF No. 1 at 2]. Specifically, Plaintiff claims he noticed a small bump on his left leg in May 2006. *Id.* at 3. Plaintiff states he alerted Johnson, who looked at his leg and informed Plaintiff that, due to a staph outbreak in GCDC, inmates with any kinds of bumps were being moved to a cell-block with other infected inmates. *Id.* Plaintiff claims Johnson was not sure that he had a staph infection, but he would be moved as a precaution. *Id.* Plaintiff alleges the bump on his leg, which he claims was a hair bump, went away after three days. *Id.* Plaintiff states that five days after he was moved, a new bump appeared on his right leg that was painful and warm to touch. *Id.* Plaintiff claims the entire area around the bump was red and leaked. *Id.* Plaintiff alleges he immediately informed the medical staff and states he was later diagnosed with MRSA. *Id.*

Plaintiff alleges the disease has reoccurred several times over the years, with the last occurrence in February 2014. *Id.* Plaintiff argues Moss failed to have him properly examined to ensure he did in fact have a staph infection before housing him with known infected inmates. *Id.* at 4. Plaintiff alleges the remaining defendants approved the protocol that was developed for housing and handling inmates suspected of being infected with staph infections that led to Plaintiff becoming infected. *Id.* at 4–5. Plaintiff seeks monetary damages. *Id.* at 6.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can

3

ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Plaintiff alleges Defendants caused him to contract MRSA in May 2006. [ECF No. 1]. In civil rights cases, this court must apply South Carolina's general personal injury statute of limitations. *See Wallace v. Kato,* 549 U.S. 384, 387 (2007) ("[F]ederal law looks to the law of the State in which the cause of action arose" to determine the applicable statute of limitations); *Burnett v. Grattan*, 468 U.S. 42, 48–49 (1984). Under South Carolina law, the statute of limitations for a personal injury claim is three years. *See* S.C. Code Ann. § 15-3-530(5). For purposes of a 42 U.S.C. § 1983 claim, a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice of the existence of a potentially-colorable claim. *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995). Based on the allegations in Plaintiff's complaint that concern events occurring in May 2006, the limitations period for Plaintiff to file suit against Defendants has expired.[1] *See Finch v. McCormick Corr. Inst.*, C/A No. 4:11-858-JMC-TER, 2012 WL 2871665, at *3 (D.S.C. June 15, 2012) (granting summary judgment for deliberate indifference claim falling outside the three-year South Carolina

---

[1] While the statute of limitations is an affirmative defense that is subject to waiver if not timely raised in a responsive pleading, the court is authorized to anticipate clearly-apparent affirmative defenses available to defendants in determining whether, under § 1915, process should be issued. *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983).

4

statute of limitation), *adopted by* 2012 WL 2871746 (D.S.C. July 12, 2012). Accordingly, the undersigned recommends the complaint be summarily dismissed.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

September 23, 2015                                   Shiva V. Hodges
Columbia, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).