IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffery D. Locke, #158388,<br><br>PLAINTIFF<br><br>v.<br><br>Nurse Eastergard; Nurse Johnson; Dr. Sherman; Sonya Moss, Medical Staff; Tracy Krien, Medical Staff; Mr. James Dorreity, Jail Administrators; Scotty Bodiford, Jail Administrators; and Steve Loftis, Sheriff,<br><br>DEFENDANTS | Case No. 1:15-3727-TLW-SVH<br><br>**ORDER** |

Plaintiff Jeffery D. Locke, proceeding pro se and in forma pauperis, is an inmate incarcerated at the Kershaw Correctional Institution (KCI). ECF No. 1. He filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights while he was incarcerated at the Greenville County Detention Center (GCDC). The matter now comes before the Court for review of the Report and Recommendation (R&R) filed by Magistrate Judge Hodges, to whom this case was assigned. ECF No. 8. In the R&R, the magistrate judge recommends the Complaint should be summarily dismissed without prejudice and without issuance of service of process because the claim was filed after the statute of limitations had run. Plaintiff filed objections to the R&R. ECF No. 10. This matter is now ripe for decision.

In reviewing the R&R, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report

1

thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Hous. Auth. of City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of the standard set forth in Wallace, the Court has reviewed de novo the R&R and Plaintiff's objections.

In his objections, Plaintiff first asserts the statute of limitations was tolled while a prior lawsuit based on these same facts was pending, captioned Locke v. Greenville County Detention Center, C/A No. 3:08-cv-01887-TLW-JRM. However, that case was dismissed without prejudice on procedural grounds on October 24, 2008 (ECF No. 14 in the prior case), and the present case was filed on September 16, 2015—nearly 7 years after his first case was dismissed. ECF No. 1. Therefore, even if the 3-year statute of limitations[1] was tolled while the first lawsuit was pending, it still expired long before this case was filed. Therefore, Plaintiff's first objection fails.

Next, Plaintiff asserts the "continuous injury and treatment doctrine" tolls the statute of limitation through February 2014, when his MRSA last reoccurred during his stay at KCI. ECF No. 10 at 2-3. This argument fails because Plaintiff's claims arise not from any alleged continuous treatment or injury, but from the alleged failure of certain individuals to properly examine him before placing him with infected inmates and the protocol related to this decision. ECF No. 1 at 4-5. Therefore, despite his assertion that the MRSA has reoccurred several times, his allegations do not support the application of the doctrine in this case. Moreover, even if the doctrine were properly applied in this case, the statute of limitations would not be tolled until his treatment ended because Plaintiff discovered, or should have discovered, the injury giving rise to the cause of action in 2006 when he was first diagnosed. See Anderson v. Short, 476 S.E.2d 475, 476 (S.C. 1996).

---

[1] Plaintiff does not dispute the applicable statute of limitations is 3 years.

3

Therefore, Plaintiff's second objection also fails.

After an appropriate review, the R&R is ACCEPTED and Plaintiff's objections are OVERRULED. Plaintiff's Complaint is hereby DISMISSED without prejudice and without issuance of service of process for the reasons stated by the magistrate judge and those stated herein.

**IT IS SO ORDERED.**

_s/ Terry L. Wooten_
Chief United States District Judge

February 3, 2017
Columbia, South Carolina

3